UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARTHUR BUSH,<br><br>                           Petitioner,<br>v.<br>G. MATTESON, Warden, et al.,<br><br>                         Respondents. | Case No. 23cv0490-LL (JLB)<br><br>**ORDER:**<br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(2) DISMISSING CLAIMS ONE AND TWO; and**<br><br>**(3) DIRECTING RESPONDENT TO ANSWER PETITION**<br><br>**[ECF No. 6]** |

I.    **INTRODUCTION**

Petitioner Anthony Arthur Bush, a state prisoner serving a sentence of life without parole following a 1995 San Diego County Superior Court conviction for murder during the commission of a robbery, is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner claims the state court erred in determining that California's Racial Justice Act does not apply to him (claim one), the racial demographic of his jury pool did not reflect the racial demographic of San Diego

County in violation of the Fourteenth Amendment (claim two), and the prosecutor used a racially motivated peremptory strike and referred to Petitioner as a racist gang member in closing argument in violation of the Sixth and Fourteenth Amendments (claim three). *Id.* at 16-29. This is the seventh federal habeas petition Petitioner has filed in this Court challenging his 1995 conviction. Petitioner acknowledges he previously sought and was denied federal habeas relief on claims two and three, but contends this action is not second or successive because a recent correction of his presentence custody credits has resulted in a new sentence and a new intervening criminal judgment. *Id.* at 16-20.

Respondent has filed a Motion to Dismiss the Petition along with a Notice of Lodgment of the state court record. ECF Nos. 6-7. Respondent contends the alteration of presentence custody credits by the state court was a ministerial act which did not result in a new sentence or criminal judgment, and therefore this Court lacks jurisdiction because Petitioner has not received permission from the Ninth Circuit Court of Appeals to proceed with a second or successive petition. ECF No. 6-1 at 10-14. Respondent alternately argues claim one is not cognizable and claim two is procedurally defaulted. *Id.* at 14-18. Petitioner has filed an Opposition and a Notice of Lodgment. ECF Nos. 10, 12. He states claim one is merely an argument that the state court erred in finding there was no new judgment and is not a separate claim, claim two is not procedurally defaulted, and his Petition is not second or successive. ECF No. 10 at 10-21.

For the following reasons, the Court grants in part and denies in part the motion to dismiss, dismisses claims one and two, and directs Respondent to answer as to claim three.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 1995, a San Diego County Superior Court jury found Petitioner guilty of one count of murder and one count of attempted robbery. Lodgment No. 11, ECF No. 7-11 at 28. They found true a special circumstance allegation that the murder was committed during a robbery, and found Petitioner had personally used a firearm during both crimes. *Id.* On November 8, 1995, he was sentenced to life in prison without the possibility of parole plus four years. *Id.* The judgment was affirmed in the state appellate

court on June 12, 1997. *Id.* at 29. Petitioner filed a habeas petition in the California Supreme Court rather than a petition for review, raising the claims presented on appeal. *See* R&R filed 8/3/01 at 3-4 [ECF No. 9] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.). The petition was denied on December 23, 1997, as procedurally barred by a state rule precluding using habeas as a substitute for appeal. *Id.* Petitioner filed a second habeas petition in the state supreme court on January 23, 1998, raising the same claims, which was denied on May 27, 1998, for the same reason. *Id.* at 4.

      Petitioner filed his first federal habeas petition in this Court on May 18, 1999, which he voluntarily dismissed on August 31, 1999, to exhaust state remedies. *See* Pet. filed 5/18/99 [ECF No. 1] and Order filed 8/31/99 [ECF No. 6] in *Bush v. Pliler*, No. 99cv1019-J-LAB (S.D. Cal.)) He filed a habeas petition in the state appellate court on July 19, 1999, containing a new claim, which was denied on the merits on September 9, 1999. *See* R&R filed 8/3/01 at 4 [ECF No. 9] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.). On October 28, 1999, Petitioner filed a habeas petition in the state supreme court raising that claim, which was denied on January 25, 2000, as procedurally barred for raising a claim which could have been but was not raised on appeal. *Id.* at 4-5. Petitioner filed another habeas petition in the state supreme court with yet another new claim, which was denied on June 28, 2000, as procedurally barred under several state procedural rules. *Id.* at 5.

      On January 25, 2001, Petitioner filed his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his 1995 conviction. *See* Pet. filed 1/25/01 [ECF No. 1] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.). That petition raised, among others, claim three presented here, and this Court held an evidentiary hearing as to that claim on December 1, 2008. *See* Order filed 3/3/09 at 1 [ECF No. 90] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.). The Court denied the petition on March 3, 2009 [*id.* at 13], and later issued a certificate of appealability [*See* Order filed 3/20/09 at 3 [ECF No. 94] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.)]. The judgment was affirmed on February 16, 2011. *See* Order filed 2/16/11 [ECF No. 101] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.).

| | |
|---|---|
| 1 | On September 4, 2015, the state appellate court denied a habeas petition raising claim two presented here. *See People v. Bush*, No. D079990, 2022 WL 15229545, at *1 (Cal. Ct. App. Oct. 27, 2022) ("We determined his petition, filed nearly 20 years after sentencing, was barred as untimely and Bush had not shown good cause for substantial delay to justify consideration of his claims. We concluded his claims were also procedurally barred because the facts and arguments were available at the time of trial but were not raised either in his prior appeal or in his subsequent petition for writ of habeas corpus.") (citing *In re Anthony Arthur Bush*, No. D068752 (Sept. 4, 2015) (unpublished order)). On January 19, 2016, Petitioner filed a Rule 60(b) motion for relief from judgment in this Court for the purpose of raising claim two. *See id.*; *see also* Motion filed 1/19/16 [ECF No. 103] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.)). That motion was denied on June 22, 2016, as an attempt to file a second or successive petition, his third federal habeas petition. *See* Order filed 6/22/16 [ECF No. 108] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.). The appeal of that denial was dismissed as untimely on March 8, 2017. *See* Order filed 3/8/17 [ECF No. 115] in *Bush v. Pliler*, No. 01cv0142-BEN-NLS (S.D. Cal.). |

On August 9, 2019, Petitioner filed a fourth habeas petition in this Court challenging his 1995 conviction. *See* Pet. filed 8/9/19 [ECF No. 1] in *Bush v. Neuschmid*, No. 19cv1508-CAB-NLS (S.D. Cal.). That petition was dismissed as second or successive, and a Rule 60(b) motion in that case was denied as an attempt to file a second or successive fifth petition. *See* Order filed 9/16/19 [ECF No. 2] and Order filed 12/05/19 [ECF No. 9] in *Bush v. Neuschmid*, No. 19cv1508-CAB-NLS (S.D. Cal.). The dismissal of that petition and the denial of the Rule 60(b) motion were affirmed on appeal. *See* Order filed 12/14/20 [ECF No. 11] in *Bush v. Neuschmid*, No. 19cv1508-CAB-NLS (S.D. Cal.). While the appeal in that case was pending, Petitioner filed a sixth habeas petition in this Court challenging his 1995 conviction. *See* Pet. filed 1/28/20 [ECF No.1] in *Bush v. Matteson*, No. 20cv180-LAB-KSC (S.D. Cal.). That petition was dismissed as second or successive on February 6, 2020. *See* Order filed 2/6/20 [ECF No. 3] in *Bush v. Matteson*, No. 20cv180-

LAB-KSC (S.D. Cal.).

In 2019, Petitioner filed a motion in the state trial court requesting a hearing to present youth related mitigation evidence for an eventual youth offender parole hearing, and on February 26, 2021, the state appellate court upheld the denial of that motion on the basis it did not apply to prisoners serving a term of life without the possibility of parole. *See People v. Bush*, 2022 WL 15229545, at *2, citing *People v. Bush*, No. D077085 (Feb. 26, 2021) (unpublished opinion). While the appeal was pending in that case, Petitioner's appointed counsel brought to the court's attention an error concerning the calculation of pretrial custody credits, indicating he received 54 days of worktime credits at the time of sentencing in 1995 but should have received only 46 days of credits. *Id.* On January 22, 2022, the state trial court determined that Petitioner's pretrial custody credits had been incorrectly calculated as 54 days of worktime credits rather than 46, and stated: "This court finds that the defendant is entitled to receive the credits stated above and amends the sentence imposed on 11/8/95 nunc pro tunc to that date. The Abstract of Judgment of that sentence, which was prepared on 11/8/95, is also corrected by virtue of this minute order to reflect the above credits." *See* ECF No. 1 at 44.

Petitioner appealed that determination to the state appellate court and raised claim one presented here, arguing that California's Racial Justice Act, which applied only to to convictions and sentences imposed after January 1, 2021, should apply to him because his judgment of conviction had been reopened by the amended judgment. *See People v. Bush*, 2022 WL 15229545, at *2. The appellate court found that the superior court had merely "corrected a clerical error in the calculation of custody credits" which "did not recall his sentence" or reopen the judgment to allow him the benefit of the new state law. *Id.* Petitioner then filed a petition for review in the state supreme court raising all three claims presented here, which was summarily denied. Lodgment Nos. 23-25, ECF Nos. 7-25, 7-26, 7-27.

On March 16, 2023, Petitioner filed the instant Petition, his seventh federal habeas petition filed in this Court challenging his 1995 conviction and sentence of life without the

possibility of parole. ECF No. 1.

## III. ANALYSIS

Respondent contends the instant Petition is second or successive because a new judgment was not entered on January 22, 2022, merely a clerical correction to pretrial sentence credits nunc pro tunc to the original sentencing date. ECF No. 6-1 at 10-14. Respondent alternately argues claim one is not cognizable because it relies solely on state law and claim two is procedurally defaulted because it was denied by the state court as untimely and as an improper attempt at piecemeal litigation. *Id.* at 14-18. Petitioner argues that the instant Petition is not second or successive because he is challenging a new judgment of conviction entered by the state trial court on January 22, 2022, which replaced an invalid sentence with a valid sentence. ECF No. 10 at 10-19. He states that he did not intend his argument that the state court erred in finding there was no new intervening judgment of conviction to be construed as a separate claim one in the Petition and is only presenting two claims here. *Id.* at 19. He argues that claim two, alleging the racial demographic of his jury pool did not reflect the racial demographic of San Diego County, is not procedurally defaulted because it has never been addressed on the merits in this Court, as it was brought in a Rule 60(b) motion and dismissed as second or successive, but his new intervening judgment means the claim is no longer second or successive. *Id.* at 19-21. Respondent does not seek dismissal of claim three which, as noted above, was denied in 2009 following an evidentiary hearing and affirmed on appeal.

### A. Second or Successive

When a petitioner is seeking to challenge the same conviction challenged in a prior federal habeas petition, the petitioner must show he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). A petition is second or successive when it challenges "the same custody imposed by the same

judgment of a state court" as a prior petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Failure to obtain appellate court authorization acts as a jurisdictional bar to the district court. *See Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (citation omitted).

However, a federal petition is not second or successive if there has been a "new judgment intervening between the two habeas petitions." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (citing *Burton*, 549 U.S. at 156); *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) ("[W]e conclude, as a matter of first impression, that the basic holding of *Magwood* applies here: the latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'") (quoting *Magwood*, 561 U.S. at 339). The Ninth Circuit has stated that: "Applying the reasoning of *Magwood* and *Wentzell*, we hold that in California, a court's recalculation and alteration of the number of time-served or other similar credits awarded to a petitioner constitutes a new judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). "[U]nder the law of this circuit and the Supreme Court, a petition is not second or successive when there is an amended judgment and the petition is the first one following that amended judgment." *Id.* at 768; *see also Morales v. Sherman*, 949 F.3d 474, 475-76 (9th Cir. 2020) (per curiam) (federal habeas petition raising the same claims raised in an earlier federal habeas petition was not barred as second or successive when there was a new, intervening judgment between the filing of the petitions). The parties agree this is the first federal habeas petition Petitioner has filed following the January 20, 2022, correction of his pretrial custody credits. They disagree whether there is a new intervening criminal judgment.

The *Gonzalez* court found that an adjustment to presentence custody credits, as here, constituted a new sentence and a new judgment of conviction precluding a finding of second or successive within the meaning of 28 U.S.C. § 2244(b) because, unlike a mere scrivener's error indicating a discrepancy between the oral pronouncement of a sentence and its written form, a miscalculation of pretrial custody credits results in pronouncement of an illegal and invalid sentence. *Gonzalez*, 873 F.3d at 769-70 ("[T]he state trial court's alteration of the number of presentence credits to which a prisoner is entitled is a legally

significant act: it replaces an invalid sentence with a valid one.") Thus, its correction changed an illegal sentence into a legal sentence and resulted in a new and valid intervening judgment of conviction. *Id*. at 770. The *Gonzalez* court noted that California law controls the determination of whether there is a new criminal judgment for purposes of 28 U.S.C. § 2244(b), relying on the Supreme Court's holding in *Magwood* that it is "'[t]he requirement of custody pursuant to a state-court judgment' included in AEDPA's text, which 'distinguishes § 2254 from other statutory provisions authorizing relief from constitutional violations.'" *Id.* (quoting *Magwood*, 561 U.S. at 333). The *Gonzalez* court further found that the district court had erred in determining that alteration of a sentence nunc pro tunc to the date it was initially imposed, as also happened here, did not result in an amended intervening judgment, because such use of the state court's nunc pro tunc authority would violate California law. *Id.* at 772-73.

Respondent attempts to distinguish *Gonzalez* by arguing that (1) more recent state appellate court decisions reveal that *Gonzalez* misapplied California law in reaching its conclusion that state law prohibits a state court from ordering a recalculation of custody credits nunc pro tunc to the original sentencing date, (2) unlike *Gonzalez* this case involves the state appellate court's pronouncement that no new intervening judgment was imposed, albeit in the context of a state criminal statute, and (3) unlike *Gonzalez*, Petitioner here is serving a sentence of life without the possibility of parole, so the recalculation of his pretrial custody credits did not result in a new sentence. ECF No. 6-1 at 10-14. This Court is bound by Ninth Circuit authority that the alteration of pretrial custody credits, even when applied nunc pro tunc to the original sentencing date, transforms an invalid sentence into a valid sentence under California law and therefore constitutes a new intervening criminal sentence and judgment for purposes of determining if a petition is second or successive in federal court. *See, e.g., Johnson v. Barlow*, No. 06cv1150-WBS (GG), 2007 WL 1723617, at *3 (E.D. Cal. June 11, 2007) ("[B]arring a clear holding to the contrary by California's highest court, it is not this court's prerogative to second guess" the Ninth Circuit's interpretation of California law notwithstanding a conflicting California appellate court

decision) (citing *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986)). Respondent fails to distinguish *Gonzalez* by arguing that the duration of Petitioner's sentence, unlike in *Gonzalez*, was not affected by the change in custody credits since the number of custody credits to which Petitioner is entitled is irrelevant to his sentence of life without parole. *See Gonzalez*, 873 F.3d at 769 ("Under California law, custody credits are part of [a defendant's] sentence and a court's alteration of the number of credits awarded to a defendant changes both the duration *and legality* of his sentence. Because the relevant sentence under *Magwood* is the one 'pursuant to' which an individual is held 'in custody,' such an alteration constitutes a new, intervening judgment.") (emphasis added). Respondent's concern of allowing Petitioner to proceed with a new federal habeas petition challenging a nearly 30 year-old state conviction which has already been the subject of numerous federal habeas proceedings was also addressed by *Gonzalez*, which reiterated the comments by the Supreme Court in *Magwood* that the "procedural default rule will continue to limit what claims may be brought in a federal petition," and when a "petitioner files a new petition reraising all of the arguments previously rejected by a federal court, '[i]t will not take a court long to dispose of such claims where the court has already analyzed the legal issues.'" *Id.* at 773-74 (quoting *Magwood*, 561 U.S. at 340, n.15). Those predictions are realized here because claim one is dismissed as not cognizable, claim two is dismissed as procedurally defaulted, and claim three, the only claim left in the Petition, has already been denied on the merits by this Court following an evidentiary hearing. *See id.*; *see also Wentzell*, 674 F.3d at 1127 ("The Supreme Court's discussion in *Magwood* indicates that procedural default rules-rather than the rules governing 'second or successive' petitions-are the more appropriate tools for sorting out new claims from the old.").

Accordingly, the Court **DENIES** Respondent's Motion to Dismiss the Petition as second or successive.

**B.  Claim One**

Petitioner contends in claim one that he is entitled to application of California's

1  Racial Justice Act, which became effective on January 1, 2021, and which provides that
2  the "state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence
3  on the basis of race, ethnicity or national origin." *Young v. Superior Court*, 294 Cal. Rptr.
4  3d 513, 518 (Ct. App. 2022). The state supreme court denied this claim on January 11,
5  2023, stating in full: "The petition for review is denied." Lodgment No. 25, ECF No. 7-27.
6  This Court will "look through" that summary denial to the last reasoned state court decision
7  denying this claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). Here, that is the
8  state appellate court's opinion, which stated:

> Bush's supplemental brief focuses entirely on his claim, which he has unsuccessfully raised previously in both state and federal courts, that the prosecutor improperly exercised a peremptory challenge to the sole remaining African American prospective juror and made comments in closing statements that Bush was a racist gang member. By its terms, however, the Racial Justice Act applies prospectively only to judgments not entered before January 1, 2020. (§§ 745, subd. (j); 1473, subd. (f).) The court's order of January 20, 2022 did not recall his sentence; it corrected a clerical error in the calculation of custody credits. Therefore, his judgment is final and he is not entitled to the benefit of subsequent ameliorative changes to the law. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 380; *People v. Magana* (2021) 63 Cal.App.5th 1120, 1126-1127.)

*People v. Bush*, 2022 WL 15229545, at *2.

Respondent contends claim one does not present a cognizable claim because it relies only on the application of state law. ECF No. 6-1 at 15-16. Petitioner replies that he did not intend to raise this as a separate claim, but merely to argue that the state court erred in finding there was no intervening amended judgment. ECF No. 10 at 19.

A claim raised in a federal habeas petition is not cognizable on federal habeas if it relies solely on state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") There is an exception that a federal claim can arise from a state court sentencing decision involving an arbitrary application of state law or an erroneous factual finding amounting to fundamental unfairness. *See*

*Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (holding that a state court's application of state law does not rise to the level of a federal due process violation unless it was so arbitrary or capricious as to constitute an independent federal constitutional violation); *Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir. 1993) ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state.").

Petitioner does not, nor could he, argue that the state court acted arbitrarily or was fundamentally unfair in rejecting a claim based entirely on an underlying claim which has been previously rejected by the state and federal courts, particularly after an evidentiary hearing was held in this Court on the merits of the underlying claim. In sum, Petitioner indicates he did not intend to present such a claim in his Petition which is in any case reliant solely on state law and not cognizable on federal habeas.

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss claim one and **DISMISSES** claim one from the Petition.

### C.   Claim Two

Respondent argues that assuming the Court has jurisdiction over the Petition, claim two, alleging that the racial composition of Petitioner's jury pool was not representative of the racial composition of San Diego County in violation of the Fourteenth Amendment, must be dismissed because it is procedurally defaulted as a result of the state court's denial as untimely and as not having been raised in an earlier proceeding. ECF No. 6-1 at 16-18. Petitioner replies that although he initially raised this claim in a Rule 60(b) motion in this Court in 2016 after exhausting it in state court, it was dismissed by this Court as second or successive at that time, but it is no longer second or successive due to his new intervening state judgment and sentence. ECF No. 10 at 19-21.

The Ninth Circuit has held that because procedural default is an affirmative defense, in order to establish a claim is procedurally defaulted, Respondent must first "adequately [plead] the existence of an independent and adequate state procedural ground." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). The burden then shifts to Petitioner to "assert[]

specific factual allegations that demonstrate the inadequacy of the state procedure . . . ." *Id.* If Petitioner succeeds, the "ultimate burden" of proving procedural default then falls to Respondent. *Id.* "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A state procedural rule is "independent" if the state law basis for the decision does not rest primarily on, or is not interwoven with, federal law. *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). A ground is "interwoven" with federal law if the state has made application of the procedural bar depend on a determination as to whether federal constitutional error has been committed. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011), quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

Petitioner raised claim two in the petition for review in the California Supreme Court filed on November 29, 2022. Lodgment Nos. 23-24, ECF Nos. 7-25, 7-26. The state supreme court denied the petition on January 11, 2023, stating in full: "The petition for review is denied." Lodgment No. 25, ECF No. 7-27. This Court will "look through" that summary denial to the last reasoned state court decision denying the claim. *See Ylst*, 501 U.S. at 805-06. Here, that is the state appellate court's opinion, which stated:

> Bush is not entitled to relief. His petition, filed nearly 20 years after sentencing, is barred as untimely. (*In re Reno* (2012) 55 Cal.4th 428, 459; *In re Swain* (1949) 34 Cal.2d 300, 302.) Bush has not shown good cause for the substantial delay such as would justify consideration of his claims on the merits, because the facts and arguments underlying the claims were available at the time of trial. (*In re Reno*, *supra*, at pp. 460, 463.) Bush also has not established the applicability of any of the exceptions to the rule that claims raised after substantial delay without good cause will not be considered on the merits. (*Id.* at p. 472.)

> Bush's current claims are also procedurally barred because they could have been raised at trial, but were not (*In re Seaton* (2004) 34 Cal.4th 193, 200); could have been raised on direct appeal, but were not (*In re Reno*, *supra*, 55 Cal.4th at p. 490; *In re Dixon* (1953) 41 Cal.2d 756, 759); or could have been raised in his prior petition for writ of habeas corpus, but were not (*In re Reno*, *supra*, at p. 501; *In re Horowitz* (1949) 33 Cal.2d 534, 546-547). "In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." (*In re Connor* (1940) 16 Cal.2d 701, 705.) "[S]uch piecemeal litigation prevents the positive values of deterrence, certainty, and public confidence from attaching to the judgment. The values that inhere in a final judgment are equally threatened by petitions for collateral relief raising claims that could have been raised in a prior petition." (*In re Clark* (1993) 5 Cal.4th 750, 770.) A successive petition such as that filed by Bush constitutes "an abuse of the writ" and may be denied summarily. (*Id.* at pp. 769, 797.)

Lodgment No. 2, ECF No. 7-2, *In re Bush*, No. D068752, at 2 (Cal. Ct. App. Sept. 4, 2015).

The United States Supreme Court has found that California's *Reno* timeliness bar and its *Dixon* bar against raising claims in habeas that could have been but were not raised on appeal, are independent and adequate state procedural bars. *See Johnson v. Lee*, 578 U.S. 605, 606-09 (2016) (per curiam); *Walker v. Martin*, 562 U.S. 307, 316-17 (2011); *see also Kohut v. Godwin*, No. CV 22-00398-MWF (SHK), 2023 WL 4291120, at *5 (C.D. Cal. May 25, 2023) ("The rule then that a claim is barred on habeas review when it could have been but was not raised on direct appeal is independent and adequate to bar review [under the holding of *Johnson v. Lee*] even though the California Court of Appeal in this case cited to different state law cases espousing that rule.").

Respondent has pleaded "the existence of an independent and adequate state procedural ground" so as to carry the initial burden of demonstrating claim two is procedurally defaulted. *Bennett*, 322 F.3d at 586. The burden has shifted to Petitioner to "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure." *Id.* Petitioner makes no such effort. Rather, he argues that because his criminal judgment and sentence were amended by the state court in 2022, this Court's determination

in 1999 that his presentation of the claim in a Rule 60(b) motion was an attempt to file a second or successive petition is no longer valid. ECF No. 10 at 19-21. Neither does Petitioner attempt to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" as necessary for the Court to consider his claim. *Coleman*, 501 U.S. at 750. No such cause, prejudice or miscarriage of justice is apparent in the record, particularly in light of Petitioner's 20-year delay in presenting the claim.

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss claim two as procedurally defaulted and **DISMISSES** claim two.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Respondent's Motion to Dismiss, [ECF No. 6], and **DISMISSES** claims one and two from the Petition. Respondent will file an Answer addressing claim three within forty-five (45) days of the date this Order is filed. Petitioner may file a Traverse within thirty (30) days of being served with Respondent's Answer.

**IT IS SO ORDERED**.

Dated:  January 2, 2024

_____
Honorable Linda Lopez
United States District Judge