UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARTHUR BUSH,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>G. MATTESON, Warden, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 23cv0490-LL-JLB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Anthony Arthur Bush ("Petitioner"), a state prisoner proceeding pro se, in which Petitioner raised three claims for relief. ECF No. 1. After the Court granted in part and denied in part Respondent's motion to dismiss, dismissed claims one and two and ordered Respondent to answer the Petition as to claim three [ECF No. 14], Respondent filed a Response and lodged portions of the state court record. ECF Nos. 17, 18. Petitioner filed a Traverse.[1] ECF No. 21.

---

[1] Although this case was referred to United States Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and Recommendation nor oral argument are necessary for disposition of this matter. *See* S.D. Cal. CivLR 7.1(d).

1

## I. RELEVANT PROCEDURAL BACKGROUND

In 1995, following a jury verdict in San Diego Superior Court case number SCD108063 finding Petitioner guilty of one count of murder and one count of attempted robbery, finding true the special circumstance allegation the murder was committed during the commission of the robbery and the allegations Petitioner personally used a handgun during the commission of both the murder and the attempted robbery, Petitioner was sentenced to a term of life in prison without the possibility of parole plus four years. Clerk's Tr. ["CT"] 339-42, 454, ECF Nos. 18-2 at 134-37, 18-3 at 35. On June 12, 1997, the California Court of Appeal affirmed the judgment. ECF No. 18-5.

As outlined in greater detail in this Court's January 2, 2024, Order, Petitioner thereafter filed two separate habeas petitions in the California Supreme Court in 1997 and 1998, raising claims not presented here, each of which the state court denied as procedurally barred pursuant to a state procedural rule which precluded using habeas corpus as a substitute for appeal. *See* ECF No. 14 at 3 (citations omitted). On May 18, 1999, Petitioner filed a federal habeas petition which was voluntarily dismissed on August 31, 1999, to exhaust state remedies. *See* ECF Nos. 1, 6 in S.D. Cal. Civil Case No. 99cv1019-J-LAB. During subsequent state court proceedings in which Petitioner filed several habeas petitions in both the state appellate and supreme courts raising claims not presented here, Petitioner also filed a habeas petition in the California Supreme Court in which he presented claim three, which the state supreme court denied as procedurally barred on June 28, 2000. *See* ECF No. 14 at 3 (citing ECF No. 9 (Report and Recommendation ("R&R") filed Aug. 3, 2001) in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS).

On January 25, 2001, Petitioner filed a Petition for a Writ of Habeas Corpus in the Court, his second, challenging this same 1995 conviction in which Petitioner raised, among other claims and as relevant to the instant proceeding, claim three. *See* ECF No. 1 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS. On November 27, 2002, the Court denied the petition on the merits. *See* ECF No. 32 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS.

On February 29, 2008, the Ninth Circuit Court of Appeals reversed in part and affirmed in part the denial of the petition and remanded for a hearing. *See Bush v. Pliler et al.*, No. 04-56348, 268 F. App'x 577 (9th Cir. 2008). On December 1, 2008, the Court held an evidentiary hearing, and on March 3, 2009, denied the petition on the merits. *See* ECF Nos. 82, 90 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS. On February 16, 2011, the Ninth Circuit affirmed the district court decision denying habeas relief. *See Bush v. Pliler et al.*, No. 09-55465, 413 F. App'x 996 (9th Cir. 2011).

As outlined in greater detail in this Court's January 2, 2024, Order, between 2016 and 2020, Petitioner filed several petitions and Rule 60(b) motions in this district challenging this same judgment of conviction; the petitions were each dismissed without prejudice as second or successive and the motions were each denied as attempts to file a second or successive petition. *See* ECF No. 14 at 4-5.

On January 20, 2022, the San Diego County Superior Court issued an order amending the sentence imposed in case number SCD108063 to correct Petitioner's pre-sentence custody credits and noted that the abstract of judgment was also corrected to reflect the proper credit calculation. *See* ECF No. 1 at 44-46; *see also* ECF No. 7-19 at 43-44, 47. Petitioner appealed to the California Court of Appeal, which on October 27, 2022, affirmed the superior court's order amending Petitioner's pre-sentence credits. *See* ECF No. 1 at 37-42; *see also* ECF No. 7-24. Petitioner thereafter filed a petition for review in the California Supreme Court, which was denied on January 11, 2023. *See* ECF No. 1 at 35; *see also* ECF Nos. 7-25, 7-27.

On March 16, 2023, Petitioner filed the instant federal Petition. ECF No. 1. On June 30, 2023, Respondent filed a motion to dismiss the federal Petition, contending that (1) the petition was second or successive under 28 U.S.C. § 2244(b) to S.D. Cal. Civil Case No. 01cv1042-BEN-NLS, (2) claim one did not state a cognizable claim for relief, and (3) claim two was procedurally defaulted, and lodged portions of the state court record. ECF Nos. 6, 7. On August 10, 2023, Petitioner filed an opposition to the motion to dismiss. ECF No. 10. On January 2, 2024, this Court issued an Order granting in part and denying

in part the motion to dismiss the federal Petition, denying the motion to dismiss the Petition as second or successive but granting the motion to dismiss claim one as not cognizable on federal habeas corpus and granting the motion to dismiss claim two as procedurally defaulted, dismissed claims one and two, and directed Respondent to answer the Petition as to claim three. ECF No. 14. On March 18, 2024, Respondent filed an Answer and lodged additional portions of the state court record. ECF Nos. 17, 18. On May 20, 2024, Petitioner filed a Traverse. ECF No. 21.

## II. STANDARD OF REVIEW

A federal habeas petitioner cannot obtain federal habeas relief on a claim that the state court adjudicated on the merits unless the petitioner is first able to show that the state court adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011) (quoting 28 U.S.C. § 2254(d)(1)-(2)). Additionally, even in a situation where section 2254(d) is satisfied or does not apply, a reviewing habeas court must still determine whether the petitioner has established a federal constitutional violation. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007) (§ 2254(d) "sets forth a precondition to the grant of habeas relief . . . , not an entitlement to it."); *see also Frantz v. Hazey*, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc).

A decision is "contrary to" clearly established law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *Bruce v. Terhune*, 376 F.3d 950, 953 (9th Cir. 2004). With respect to section 2254(d), "[t]he question under AEDPA is not whether a federal court

believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (quoting 28 U.S.C. § 2254(e)(1)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings . . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Richter*, 562 U.S. at 102.

Where a state court fails to reach the merits of a claim or when it is unclear what standard of review applies, de novo review of that claim—that is review without AEDPA deference—is appropriate. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) ("[W]e hold that when it is clear that a state court has not reached the merits of a properly raised issue, we must review it de novo."); *see also Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can, however, deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review, see § 2254(a).") Even under a de novo review, a habeas court's consideration of a petitioner's claims can be further informed by any discussion or analysis offered by the state court. *See Frantz*, 533 F.3d at 738 (holding that even under de novo review, reasoning of state court remains relevant to reviewing court's consideration of whether a constitutional violation occurred).

///

In a federal habeas action, "[t]he petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (per curiam) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)). Even so, "[p]risoner pro se pleadings are given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (per curiam) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

Following this Court's January 2, 2024 Order dismissing claims one and two from the instant Petition [*see* ECF No. 14], only claim three remains in the Petition, in which Petitioner alleges the trial prosecutor violated Petitioner's federal constitutional rights by using a peremptory challenge in a racially motivated manner and that the surrounding circumstances, including but not limited to the prosecutor's later remarks in closing argument, evidences the prosecutor's discriminatory intent. ECF No. 1 at 8, 24-29.

Respondent maintains habeas relief is unavailable because (1) the Petition is second and successive to S.D. Cal. Civil Case No. 01cv0142 BEN-NLS and the Court thus lacks jurisdiction, contrary to this Court's January 2, 2024 Order, which held otherwise, (2) claims one and two are not cognizable and procedurally defaulted, in accordance with the Court's January 2, 2024 Order, and (3) claim three lacks merit, as previously found by the Court in S.D. Cal. Civil Case No. 01cv0142 BEN-NLS and affirmed by the Ninth Circuit in *Bush v. Pliler*, 413 F. App'x 996 (9th Cir. 2011). ECF No. 17 at 1-2.

#### A.    Jurisdiction

Respondent first raises her continued disagreement with this Court's January 2, 2024 Order, in which the Court denied Respondent's motion to dismiss the Petition for lack of jurisdiction as a second or successive petition. *See* ECF No. 17 at 2-5 (citing ECF No. 14). Again, the Court previously addressed and rejected Respondent's jurisdictional argument in a reasoned decision. *See* ECF No. 14. While Respondent continues to argue that the California Court of Appeal indicated Petitioner did not have a new judgment and the Court should defer to that decision, Respondent again fails to distinguish *Gonzalez v. Sherman*, 873 F.3d 763, 769-70 (9th Cir. 2017), from the instant situation [*see* ECF No. 14 at 7-9],

and the Court thus remains "bound by Ninth Circuit authority that the alteration of pretrial custody credits, even when applied nunc pro tunc to the original sentencing date, transforms an invalid sentence into a valid sentence under California law and therefore constitutes a new intervening criminal sentence and judgment for purposes of determining if a petition is second or successive in federal court." *Id.* at 8 (citations omitted). Accordingly, the Court declines Respondent's request to dismiss the Petition for lack of jurisdiction.

### B. Claims One and Two

Again, in the January 2, 2024 Order, the Court granted Respondent's motion to dismiss claim one as not cognizable on federal habeas corpus and claim two as procedurally defaulted and dismissed both claims one and two. ECF No. 14. Neither Respondent nor Petitioner have raised an objection to or voiced disagreement with the Court's decisions in this respect. *See* ECF No. 17 at 2, 6; *see also* ECF No. 21 at 5.

### C. Claim Three

In claim three, which is entitled in the Petition as "Jury Selection Error," Petitioner alleges the trial prosecutor violated Petitioner's federal constitutional rights by using a peremptory challenge in a racially motivated manner and the surrounding circumstances, including but not limited to the prosecutor's later remarks in closing argument, evidences the prosecutor's discriminatory intent. ECF No. 1 at 8, 24-29.

Petitioner raised this claim in a habeas petition filed in the California Supreme Court, which on June 28, 2000, the state supreme court summarily denied with citations to *In re Swain* (1949) 34 Cal.2d 300, 304, *In re Robbins* (1998) 18 Cal.4th 770, 780, and *In re Clark* (1993) 5 Cal.4th 750. *See* ECF No. 9 (R&R re: Respondent's Motion to Dismiss) at 5 in S.D. Cal. Civil Case No. 01cv0142 BEN-NLS (S.D. Cal. Aug 3, 2001); *see also* ECF No. 24 (R&R re: Denial of Petition) at 4 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS (S.D. Cal. July 19, 2002).

Petitioner raised this claim in a prior federal Petition filed in 2001, which in 2002 the Court denied on the merits after denying Respondent's motion to dismiss based on the

statute of limitations and concluding that a de novo review of claim three was warranted because Respondent had failed to carry the burden of showing the claim was procedurally defaulted as untimely. *See* ECF Nos. 10, 32 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS. After the Ninth Circuit reversed in part and affirmed in part the denial of the petition and remanded for a hearing, *see Bush v. Pliler et al.*, No. 04-56348, 268 F. App'x 577 (9th Cir. 2008), the Court held an evidentiary hearing on claim three in 2008 and in 2009 again denied claim three on the merits under a de novo review. *See* ECF Nos. 82, 90 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS. On February 16, 2011, the Ninth Circuit affirmed the Court's decision. *See Bush v. Pliler et al.*, No. 09-55465, 413 F. App'x 996 (9th Cir. 2011).

### 1.     Procedural default

"A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citations omitted). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

With respect to claim three, the assigned magistrate judge in the prior federal habeas proceeding applied the then-recently issued Ninth Circuit decision in *Bennett v. Mueller*, 296 F.3d 752 (9th Cir. 2002), to conclude that while California's untimeliness bar was independent of federal law, Respondent failed to carry the burden of showing the bar was "regularly followed" and thus adequate to bar federal review. *See* ECF No. 17-3 at 19-22, Ex. B; *see also* ECF No. 24 at 17-20 in S.D. Cal. Civil Case No. 01cv0142-BEN- NLS. The magistrate judge also concluded that "it would be more expeditious to proceed to consider the merits" of the defaulted claim because it failed on the merits and found that

de novo review was appropriate because the state court had not adjudicated claim three on the merits. *See* ECF No. 17-3 at 22 (citing *Franklin v. Johnson*, 290 F.3d at 1232). In a subsequent November 27, 2002 Order, the Court concluded that Respondent failed to carry the required burden of demonstrating that claim three (and other claims not relevant here) were procedurally defaulted, noting that the magistrate judge found that "although the state court relied on state grounds independent of any federal grounds to find that they were barred as untimely, that bar had not been regularly followed so that it could be called an 'adequate' state ground," and adopted the magistrate judge's findings and conclusion, including that de novo review was warranted because the claims had not been adjudicated on the merits. ECF No. 32 at 4-5 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS.

Respondent presently notes that the United States Supreme Court has since held that California's timeliness rule is adequate to bar federal review and now asserts claim three is procedurally defaulted unless Petitioner is able to demonstrate "cause and prejudice or innocence." *See* ECF No. 17 at 6 (citing *Walker v. Martin*, 562 U.S. 307, 311, 315 (2011)). Respondent acknowledges the failure to raise procedural default as a defense in the prior motion to dismiss in this case, asks the Court to "excuse the State's neglect" and notes the case records are old and the relevant change in law occurred after Petitioner's initial appeal to the Ninth Circuit. *Id.* at 7. Petitioner, meanwhile, contests Respondent's current reliance on procedural default, asserting first that the cases Respondent relies upon were "decided after this case was final at the highest level," that "[n]one of those cases declared retroactivity," as well as that Respondent was well aware of the Court's stated requirement that all defenses were required to be stated in the motion to dismiss and "Respondent is not permitted to bring new claims." ECF No. 21 at 5-6 (citations omitted.)

Respondent is correct that the Supreme Court has indeed since found California's timeliness procedural bar adequate to bar federal review. *See Walker v. Martin*, 562 U.S. 307, 312-21 (2011) (holding California's timeliness requirement, that a petitioner "must seek habeas relief 'without substantial delay,' as 'measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered

in support of the claim and the legal basis for the claim,'" is firmly established and consistently applied) (internal citations omitted). It also remains clear the timeliness bar is independent of federal law, as it was applied to Petitioner's claims in June 2000, well after the California Supreme Court's decision in *In re Robbins*, 18 Cal. 4th 770 (1998), after which the state supreme court indicated federal law would no longer be considered in its application of state procedural bars, and are thus independent of federal law. *See e.g., Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (citing *Robbins*, 18 Cal. 4th at 811-12) ("The California Supreme Court has adopted in *Robbins* a stance from which it will now decline to consider federal law when deciding whether claims are procedurally defaulted.").

However, rather than delve further into the parties' arguments about the applicability of procedural default at present, the Court notes (as similarly noted in the prior decision addressing claim three, *see* ECF No. 17-3 at 22), the Ninth Circuit has allowed that in circumstances where a procedural analysis appears especially involved, it may prove more efficient to resolve a claim or claims on the merits if there is no impact on the ultimate outcome. *See e.g., Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same."). Because claim three was not adjudicated on the merits by the state court, such review would in this instance be de novo.

Thus, in this instance, given claim three was previously considered and resolved under a de novo review by the Court and because, for the reasons discussed below, claim three in any event again fails on the merits under a de novo review notwithstanding the new arguments and legal authority Petitioner now proffers, it indeed appears a more sensible approach to eschew additional procedural default analysis and again simply address the merits of claim three de novo. *See e.g. Franklin*, 290 F.3d at 1232; *see also Thompkins*, 560 U.S. at 390 ("Courts can, however, deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference

applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review, see § 2254(a).").

### 2. Merits

Respondent asserts that claim three does not merit habeas relief, citing the fact that the claim was previously rejected on the merits under a de novo review by the district court after holding an evidentiary hearing and the Ninth Circuit affirmed that decision; Respondent contends that "altering the outcome without sufficient reason in law or fact would abuse the writ." ECF No. 17 at 7. Meanwhile, Petitioner asserts that "there is sufficient reason in law and fact to overturn the outcome," citing the since issued Ninth Circuit decision in *Shirley v. Yates*, 807 F.3d 1090 (9th Cir. 2015), coupled with the prosecutor's supposed lack of independent recollection of the peremptory challenge without reference to the record, which Petitioner asserts is now "insufficient" at step three of *Batson*. ECF No. 21 at 6; *see also* ECF No. 1 at 28 ("The Shirley opinion demonstrates that a prosecutor's reconstructed reasons after reading a cold record is **insufficient** to overcome Batson's Step Three.") (emphasis in original). Petitioner asserts that at the time his case was previously decided, "the Ninth Circuit had not addressed whether a list of standard considerations, absent affirmative evidence that they were used on the particular case in question, is competent evidence of a prosecutor's actual reasons for striking certain jurors," and asserts the *Shirley* Court has now decided that such "circumstantial evidence" warrants "little if any weight" at *Batson*'s step three evaluation of whether a petitioner has proven purposeful discrimination. ECF No. 1 at 28 (citing *Paulino v. Harrison*, 542 F.3d 692, 701-02 & n.10 (9th Cir. 2008) and quoting *Shirley*, 1106-13.)

In 2009, after holding an evidentiary hearing, the Court found the instant case distinguishable from the situation presented in *Paulino v. Harrison*, as in that case the Ninth Circuit held that a prosecutor's speculation about the reasons for striking prospective jurors or a prosecutor's testimony about his "general principles" or approach to jury selection was insufficient to satisfy *Batson*'s step two, which required the "actual" reasons for the prosecutor's peremptory challenges. ECF No. 90 at 6 in S.D. Cal. Civil Case

No. 01cv0142-BEN-NLS (citing to and quoting from *Paulino*, 542 F.3d at 699). In contrast, the Court found the prosecutor in Petitioner's case "testified that she has 'some independent recollection of those proceedings' and that 'her recollection was refreshed by the transcript'" of the jury voir dire from the trial and noted that the transcript of the prosecutor's questions to the contested juror also "'might provide some evidence'" of the actual reasons for the peremptory challenges, which was sufficient to satisfy *Batson*'s step two. *Id.* at 7 (quoting EH Tr. at 6 and *Paulino*, 542 F.3d at 700 n.8). The Court thereafter rejected Petitioner's step three argument that the provided reasons were pretextual, finding that all three stated reasons (concerns about the juror's schedule, his exposure to the press, and his knowledge about gangs and the crime area) were not pretextual and concluding that Petitioner "has not proven the government acted with discriminatory intent." *Id.* at 7-13.

The Ninth Circuit affirmed the Court's decision, reasoning in relevant part that:

> We find that the prosecutor's stated reasons for striking the prospective alternate juror were race-neutral. We also reject Bush's argument that the prosecutor's testimony was mere speculation. The prosecutor's testimony was based on some independent recollection of the trial proceedings, as well as recollection refreshed by review of the voir dire transcript, which included a record of her questions to the prospective juror. In this case, "the transcript of jury voir dire itself illuminate(d) the prosecutor's actual reasons" for peremptorily striking the prospective juror. *Paulino v. Harrison*, 542 F.3d 692, 701 n. 8 (9th Cir.2008). Here, "the transcripts of voir dire and the evidentiary hearing yield a sufficient basis for review," *Turner v. Marshall*, 121 F.3d 1248, 1251 (9th Cir.1997), and the government has met its *Batson* step two "burden of producing specific reasons for (the prosecutor's) challenges." *Id.*
>
> Finally, we reject Bush's argument that comparative analysis reveals purposeful racial discrimination. The record reveals that none of the other jurors was sufficiently similar to the prospective alternate juror to provide comparisons that "reveal[] racial reasons for the prosecutor's dismissal" of the prospective alternate juror in question. *Turner*, 121 F.3d at 1255. We conclude that the district court did not clearly err in finding no purposeful racial discrimination. *See Paulino*, 542 F.3d at 699 (reviewing *Batson* step three for clear error); *Turner*, 121 F.3d at 1255.

*Bush v. Pliler*, 413 F. App'x 996, 997 (9th Cir. Feb. 16, 2011).

Upon review, *Shirley* does not now counsel a different outcome because it is clearly distinguishable from the situation presented here. The *Shirley* Court clearly cautioned that "[o]ur opinion addresses a narrow set of *Batson* cases in which the prosecutor cannot actually remember the reason why he struck the veniremembers." *Shirley*, 807 F.3d at 1112. With respect to step three, the step Petitioner contends now warrants a different result per *Shirley*, the Ninth Circuit held that: "A vague approach to jury selection may constitute sufficient circumstantial evidence for purposes of Step Two, but, in a case in which the prosecutor does not recall his actual reasons for striking the juror in question, it provides little or no probative support for a conclusion at Step Three that he struck her for the reason he proffered." *Id.* at 1113.

The prosecutor in *Shirley* indicated "he did not recall" the reasons for the strike and the reasons he provided upon later questioning were based solely on his general approach to selecting a jury rather than his memory, and the *Shirley* court specifically found that prosecutor had "no memory (refreshed or otherwise) of his reasons" for exercising the contested strikes. *Id.* at 1099, 1105. Meanwhile, Petitioner's prosecutor stated she had "some independent recollection" and also testified that her "recollection was refreshed by the transcript." ECF No. 17-4 at 7 (hearing transcript); *see also* ECF No. 90 at 7 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS. While Petitioner's prosecutor admitted on cross-examination at the evidentiary hearing that her conclusions about why she challenged the contested juror were also based on her "general voir dire approach," [ECF No. 17-4 at 29], it is evident from the record that her memory and recollection, unlike that of the prosecutor in *Shirley*, was refreshed by her review of the voir dire transcript, which included the questions she posed to the contested juror and the juror's answers. *Id.* at 7-15, 28-30.

Nor did *Shirley* overrule *Paulino*, as Petitioner contends. *See* ECF No. 1 at 11. Instead, the Ninth Circuit in *Shirley* clearly noted it was addressing a "question left open" in *Paulino* which was not addressed in subsequent cases, *see Shirley*, 807 F.3d at 1106, and indeed relied on *Paulino* in discussing the Court's analysis under both steps two and three of *Batson*. *See id.* at 1103 and n.11, 1104-06 (step two), 1107, 1110 (step three). As such,

given the continued viability of *Paulino*, upon which both the district court and the Ninth Circuit cited to and relied upon in the prior disposition of claim three on the same facts as presented here, and the clear and dispositive differences between the situation presented in *Shirley* and that presented in the instant case, the Court finds no grounds supporting habeas relief even under a de novo review of claim three.

When asked about her recollection as to why she exercised a peremptory challenge against the contested juror, the prosecutor stated: "My recollection was that the main reasons were his schedule, his - - his exposure to the press, which he felt that he could not avoid. Those were his exact words, 'I cannot avoid it.' And then some of his knowledge about gangs and the area in which this crime took place, such that I felt he may bring that into the deliberation room." ECF No. 17-4 at 24. Given the prosecutor's independent and refreshed recollection after reviewing the transcripts, this testimony clearly provided specific race-neutral reasons for the challenges, which is sufficient to satisfy *Batson*'s step two. *See Shirley*, 807 F.3d at 1104 ("[A] voir dire transcript (like contemporaneous notes) may be used to refresh a prosecutor's recollection; upon reviewing it, he may recall the actual reasons for his strikes. This sort of refreshed recollection is clearly sufficient for the purposes of Step Two."). Nor does Petitioner show that the prosecutor's stated reasons were not credible, much less demonstrate that the circumstances presented in his case revealed discriminatory intent as required to find in his favor under step three. *See Shirley*, 807 F.3d at 1107-08 ("At Step Three, if a trial judge determines that a prosecutor's explanation is credible, that may well be the end of the inquiry, but only if the prosecutor has asserted that specific race-neutral reasons were in fact his actual reasons for the strike."); *Paulino*, 542 F.3d at 699 ("After the prosecutor comes forward with race-neutral reasons, '(t)he trial court then will have the duty to determine if the defendant has established purposeful discrimination.'" (quoting *Batson*, 476 U.S. 79, 98 (1986))). First, upon review of the evidentiary hearing transcript and the prior rejection of this claim by the district court, the Court agrees with the prior finding that there is no evidence that any of the three stated reasons were pretextual. *See* ECF No. 90 at 7-13 in S.D. Cal. Civil Case

No. 01cv0142-BEN-NLS. Moreover, as both the district court and the Ninth Circuit previously and reasonably found, Petitioner fails to show that comparative analysis reveals any such purposeful discrimination. *See id.* at 11-12; *see also Bush*, 413 F. App'x at 997. Petitioner offers no new argument at present, much less any record evidence that would support a different result. Nor is the Court persuaded that the prosecutor's use of Petitioner's letters sent to another gang member while awaiting trial to argue in closing that Petitioner himself was racist and that racism was a potential motive for the killing somehow reflects the *prosecutor's* allegedly improper discriminatory intent.[2] In any event, the evidence supporting this contention was clearly in the record at the time both the district and circuit courts considered this claim. It is also clear this same argument was previously presented and specifically rejected by the Court. *See e.g.,* ECF No. 24 at 22 in S.D. Cal. Civil Case No. 01cv0142-BEN-NLS (R&R re: Denial). As Petitioner again adds nothing new in the instant Petition but instead simply repeats this previously rejected argument, the Court finds nothing to support a different outcome at present.

### 3. Conclusion

Given *Shirley* did not overrule *Paulino*, the latter of which the prior decisions of both the Court and the Ninth Circuit relied upon, *Shirley* is in any event distinguishable from

---

[2] In the Traverse, Petitioner asserts that the prosecutor's argument at trial that the case was a gang case, as well as the insinuation that Petitioner "was racist and that racism was a motive in the crime" was not able to be predicted at the time of voir dire and "is a constitutional violation in itself." ECF No. 21-1 at 6. To the extent Petitioner cites the incidents to supplement his contention that the prosecutor's argument is further evidence of discriminatory purpose in jury selection in violation of *Batson*, the contention was previously presented in the Petition and is properly before the Court. *See* ECF No. 1 at 29. However, to the extent Petitioner attempts to raise in the Traverse a new and separate claim of prosecutorial misconduct or other claim of error based on the prosecutor's argument or actions at trial, the Court will not consider any such new claim or claims for relief. *See* ECF No. 4 at 3 ("Any traverse by Petitioner . . . must not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered."); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) ("[A] ground for relief is not properly raised in a Traverse.").

Petitioner's situation, and because claim three again lacks merit under a de novo review independent of the outcome of any procedural default analysis, habeas relief remains unavailable on claim three. *Paulino*, 542 F.3d at 699; *Shirley,* 807 F.3d at 1103 & n.11, 1104-08, 1112-13.

## IV.     CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C.A. foll. § 2254. "A certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is 'adequate to deserve encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requirement includes a district court's decision based on procedural grounds. *See Buck v. Davis*, 580 U.S. 100, 122 (2017) ("[A] litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" (quoting *Slack*, 529 U.S. at 484)).

The Court finds issuing a certificate of appealability is not appropriate as reasonable jurists would not find debatable or incorrect the Court's conclusions that (1) the Petition is not subject to dismissal for lack of jurisdiction as a second or successive petition, (2) claims one and two were properly dismissed as not cognizable on federal habeas corpus and procedurally defaulted, respectively, and (3) with respect to claim three, the only remaining claim in the Petition at present, regardless of the outcome of a procedural default analysis, habeas relief is not available because claim three again fails under a de novo review as the Court previously found, nor does the Court find any of the issues presented deserve encouragement to proceed further. *See* 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 484.

/ / /

/ / /

/ / /

## V. CONCLUSION AND ORDER

For the reasons discussed, the Court **DENIES** the Petition for a Writ of Habeas Corpus and **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated:  August 19, 2024

_____
Honorable Linda Lopez
United States District Judge